# STATE OF MICHIGAN

# COURT OF APPEALS

THOMAS SZEMATOWICZ,

      Plaintiff-Appellant,

v

CITATION CLUB I, LLC, and OAKLAND
MANAGEMENT CORPORATION,

      Defendant-Appellees.

UNPUBLISHED
October 20, 2016

No.  327713
Oakland Circuit Court
LC No.  2014-140173-NI

Before:  GADOLA, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM.

In this premises liability action plaintiff appeals as of right the April 23, 2015, circuit court order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(8) and MCR 2.116(C)(10).  For the reasons set forth in this opinion, we reverse in part, affirm in part, and remand for further proceedings.

## A.  FACTS

This case arises from an incident in which plaintiff was injured after a cement stair tread at Citation Club Apartments in Farmington Hills, Michigan, collapsed when he stepped on it. Defendant Citation Club I, LLC, is the owner of the apartments, and defendant Oakland Management Corporation is the property manager of the apartments.  Plaintiff testified that on January 12, 2014, he walked up the stairs toward the apartment of his girlfriend, Colleen Ward, at Citation Club Apartments.  The stairs he walked up were the only set of stairs that could access Ward's third-floor apartment, and there was no elevator that could access her apartment. It was a sunny day between 10 a.m. and noon, and plaintiff did not see any snow or ice on the stairs.  Ward was walking in front of plaintiff, and after she reached the second-floor landing, the second stair from the landing completely gave out as plaintiff stepped on it.  Plaintiff fell through the hole where the stair tread had been, but he stopped himself from falling all the way through the hole by grabbing the bottom of the metal railing along the side of the stairway.  As he fell, plaintiff's right leg impacted an iron support bar, his lower back slammed into the concrete stair below the stair that broke, and his shoulder was injured by the pressure of stopping all of his body weight from falling.  He briefly hung where he had fallen, which was between 20 and 30 feet in the air, and then was able to pull himself up onto the stairs, injuring his left elbow in the process.

-1-

When Ward stepped on the stair moments before plaintiff did, plaintiff did not see anything out of the ordinary with the stair. Before the incident, plaintiff had not noticed that there were any stairs in poor condition, and he did not notice anything defective about the stair he stepped on before it broke. He had no concern about any of the stairs in the complex until after he fell. Plaintiff testified that he did not have any prior complaints about the property, except that the pool was dirty. Before he fell, he did not know of anybody that ever complained of the condition of the steps, and he never heard of any of the stairs breaking. Plaintiff had no idea what caused that particular stair to collapse when he stepped on it. However, after the incident, Ward told plaintiff that she had previously complained about the stairs. Plaintiff testified that he did not know who Ward complained to, how many times she complained, or when she complained. He did not follow up with her to find out any more specifics about her complaint.

On October 27, 2013, before the incident, Marc's Repair Service prepared an estimate "to remove concrete stair treads on one bedroom buildings, and replace with Galvanized Steel tread," for a cost of $2,033.68 per stairwell. Erin Kosinski averred that she was the property manager of the apartment complex. Kosinski averred that the quote was solicited to investigate a possible reduction in time and cost of maintaining staircases throughout the complex because steel steps would not require shoveling or salting to remove snow. According to Kosinski, the quote had nothing to do with the condition of the concrete stairs, and defendants chose not to install the steel stairs because they would be less esthetically pleasing to the tenants.

Michael Trevillian, assistant vice-president in charge of Citation Club Apartments, supervised Kosinski and also hired Bradley Behrens, the service manager. Trevillian did not know how the stair broke, and he had no previous knowledge of any stairs breaking in Citation Club. Nobody ever told him that the stairs needed to be replaced. Trevillian did not talk with Marc's Repairs about the stairs before the incident happened. Trevillian believed that the stairs should probably be examined daily as maintenance workers look for trash and other issues. Before the incident, part of the job of the maintenance workers was to examine the stairs on a daily basis.

Behrens testified that the whole maintenance team performed daily to weekly walks, depending on work order quantities, to inspect the stairs for large cracks and determine whether a stair needed to be repaired or replaced. Behrens testified that when he examined the stairs, he also walked underneath the stairs to look at the underside of the stairs, although he could not say exactly that every maintenance worker did this every time they inspected the stairs. There was no written policy or procedure directing what it meant to inspect the stairs. The property had a stockpile of stair treads, which Behrens used to replace stairs as needed. Behrens testified that before the incident he had never seen a stair break in the manner that it broke in this case. Behrens had nothing to do with ordering stair treads, and he never spoke with Marc's Repair directly about the repair of any stairs because Kosinski was the person who spoke with Marc's Repair.

Plaintiff commenced this action on April 15, 2014. Plaintiff alleged that on January 12, 2014, he used a stairway at the apartments as a social guest of a tenant and suffered injuries when a stair broke as a result of defendants' negligence. Plaintiff alleged that defendants breached duties they owed to him as an invitee by failing to maintain the stairway and keep it in

reasonable repair; failing to inspect the premises; and failing to inspect, test, or evaluate the premises for hazards.

Plaintiff also alleged that defendants violated their duty under the Farmington Hills Code of Ordinances (FHCO)[1] to properly maintain the premises and keep them from becoming dangerous. Plaintiff further alleged that defendants violated their duties under MCL 554.139 and MCL 125.471 to keep the premises fit for their intended use and in a good state of repair. In addition, plaintiff alleged that defendants failed to warn him of the unsafe stairway and failed to make necessary repairs after having actual or constructive knowledge of the existence of the hazard and need for repairs. According to plaintiff, these various negligent acts and omissions caused him to suffer severe injuries.

On February 26, 2015, defendants moved under both MCR 2.116(C)(8) and MCR 2.116(C)(10) for summary disposition. Defendants argued that there was no evidence to show defendants knew or should have known of the alleged defect in the stair. Defendants argued that plaintiff's statutory claims only applied to tenants and not guests of tenants, meaning that the claims failed as a matter of law. Defendants argued that MCL 125.401 *et seq.* did not provide an independent cause of action, meaning plaintiff's claim brought under that act also failed as a matter of law. Defendants further argued that plaintiff's claim under MCL 125.471 failed as a matter of law because the provision only applied to dwellings, not an external staircase. Finally, defendants argued that plaintiff's claim under the FHCO failed as a matter of law because the code did not expressly create a cause of action.

On April 8, 2015, plaintiff filed a response and brief opposing defendants' motion for summary disposition. Plaintiff argued that defendants had constructive notice of the dangerous condition of the stair, as evidenced by the fact that stairs in the complex were regularly replaced and repaired, replacement stairs were stored on site, and defendants previously obtained an estimate for replacement of the concrete stairs with metal stairs.

Plaintiff argued that his Landlord/Tenant Act claim did not fail as a matter of law because he was an invitee as a social guest of a tenant, meaning defendants owed him a reasonable duty of care. Plaintiff also argued that the reference to dwellings in MCL 125.401 and MCL 125.471 included the apartment complex in this case, meaning defendant violated those provisions by failing to properly maintain the stairs. Finally, plaintiff argued that the FHCO applied to this case because the stairways were unsafe in violation of the code.

The trial court held a motion hearing to address defendants' motion. During the hearing, plaintiff's counsel informed the trial court that he attempted to file a sur-reply, including an affidavit by Marc Joblonski of Marc's Repair in which Joblonski averred that he provided the quote to replace the concrete steps because the rock salt was causing deterioration of the stairs. Plaintiff's counsel indicated his intention to present the affidavit to the court and file it with the court, and he further stated that he was told he could raise the issue orally at the hearing. Defense counsel asserted that the affidavit should not be considered by the court because

---

[1] Farmington Hills Code of Ordinances, § 7-251 through § 7-255.

-3-

plaintiff's counsel neither filed it prior to the hearing nor provided a copy of it to defense counsel at the hearing.

The trial court denied plaintiff's counsel's request to submit Joblonski's affidavit. The court stated that the Joblonski affidavit was not part of the court record, indicated that no sur-reply was allowed, noted that plaintiff's counsel did not provide a copy of the affidavit to defense counsel, and ruled that plaintiff's counsel could not file it at the hearing.

The court then proceeded to grant defendants' motion for summary disposition. With respect to plaintiff's premises liability claim, the court found that "plaintiff failed to meet his burden of establishing that defendants had actual and/or constructive notice that the stair that allegedly caused plaintiff to trip and fall on the day in question was defective."

With respect to plaintiff's claim under MCL 125.471 regarding an alleged violation of Michigan's housing laws, the trial court found that the statute did not apply to external staircases of dwellings, meaning summary disposition was warranted. Finally, the trial court found that the FHCO did not expressly create a cause of action for which plaintiff could allege a violation, meaning plaintiff failed to state a claim on which relief could be granted for violation of the code and summary disposition under MCR 2.116(C)(8) was proper.

After entering a written order, the trial court subsequently denied plaintiff's motion for reconsideration. This appeal ensued.

## B. ANALYSIS

## I. PREMISES LIABILITY CLAIM

Plaintiff argues that the trial court erred in granting summary disposition with respect to his premises liability claim pursuant to MCR 2.116(C)(10).

"We review de novo a trial court's decision on a motion for summary disposition to determine whether the moving party is entitled to judgment as a matter of law." *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012). "In reviewing a motion brought under MCR 2.116(C)(10), we review the evidence submitted by the parties in a light most favorable to the nonmoving party to determine whether there is a genuine issue regarding any material fact." *Id.* "A genuine issue of material fact exists when the record leaves open an issue on which reasonable minds could differ." *Bennett v Detroit Police Chief*, 274 Mich App 307, 317; 732 NW2d 164 (2006).

"Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 691; 822 NW2d 254 (2012). Ordinary negligence claims are grounded on the underlying premise that a person has a duty to conform his conduct to an applicable standard of care when undertaking an activity. *Laier v Kitchen*, 266 Mich App 482, 493; 702 NW2d 199 (2005). In contrast, "[i]n a premises liability claim, liability emanates merely from the defendant's duty as an owner, possessor, or occupier of land." *Id.* Thus, "[w]hen an injury develops from a condition of the land, rather than emanating from an activity or conduct that created the

condition on the property, the action sounds in premises liability." *Woodman v Kera, LLC*, 280 Mich App 125, 153, 760 NW2d 641 (2008).

In this case, as a guest of a defendants' tenant, plaintiff was an invitee at the apartment complex when the stair collapsed. A premises owner has a duty to protect invitees from hidden or latent defects on his or her property. *Riddle v McLouth Steel Prod Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992). "The mere existence of a defect or danger is not enough to establish liability[.]" *Kroll v Katz*, 374 Mich 364, 373; 132 NW2d 27 (1965) (quotation marks and citation omitted). The landowner has the duty "to inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any discovered hazards." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88 (2000). A landowner is liable for injuries caused by dangerous conditions that he or she knew of or, using reasonable care, should have discovered. *Id.* Generally, this means that the landowner is liable for a dangerous condition when it is "of such a character or has existed a sufficient length of time that he should have had knowledge of it." *Clark v Kmart Corp*, 465 Mich 416, 419; 634 NW2d 347 (2001) (quotation marks and citations omitted). However, a landowner "cannot avoid liability for the harms caused by a dangerous condition on his or her property by claiming ignorance of its existence if in the exercise of reasonable care the premises possessor should have discovered it." *Grandberry–Lovette v Garascia*, 303 Mich App 566, 575; 844 NW2d 178 (2014). "[W]hether the premises possessor should have discovered the dangerous condition with a proper inspection will often be a question of fact for the jury." *Id.* at 579.

In this case, the trial court granted defendants' motion finding that "plaintiff failed to meet his burden of establishing that defendants had actual and/or constructive notice that the stair that allegedly caused plaintiff to trip and fall on the day in question was defective." In doing so, the court applied the wrong standard. At the summary disposition stage, the court was tasked with determining, when viewed in a light most favorable to plaintiff, could reasonable minds differ as to whether defendants had actual and/or constructive notice of the defective stairway. *Bennett*, 274 Mich App at 317. Here, even if we were not to consider the untimely affidavit that plaintiff offered at the motion hearing, reviewing the evidence in a light most favorable to plaintiff, reasonable minds could differ as to whether defendants knew or should have known of the defective stairway. *Id.*

Plaintiff proffered evidence of an estimate from Marc's Repair Service to remove the concrete stair treads and replace them with galvanized steel treads. While defendants presented testimony of the property manager Kosinski to rebut that the repair estimate was related to the condition of the concrete stair treads, whether Kosinski was credible was a matter for the trier of fact, not the trial court. See e.g. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994) (a trial court may not make factual findings or weigh credibility in deciding a motion for summary disposition). Here, there was evidence that would allow a reasonable juror to conclude that Kosinski was not credible. Specifically, Trevillian testified that maintenance workers were required to examine stairs on a daily basis and Behrens testified that these examinations included examining underneath the stairway. However, Behrens did not know if all of the maintenance workers actually examined underneath the stairways and he indicated that the inspections sometimes took place daily *or* weekly. Furthermore, evidence that defendants kept a stockpile of stair treads to replace worn stair treads showed that defendants had knowledge that the stairs would wear down and break. A reasonable juror could conclude that defendants solicited a bid

from Marc's Repair Service because defendants were aware that the concrete steps were worn and needed replacement, not because defendants were concerned with snow removal. Moreover, given Trevillian and Behrens' testimony regarding the visual inspections and given that Behrens was not sure that all of the workers inspected underneath the stairways or inspected on a daily basis as needed, jurors could differ as to whether the inspections were reasonably conducted in a manner that would reveal the defective stair tread. *Grandberry-Lovette*, 303 Mich App at 579. In short, when the proffered evidence is viewed in a light most favorable to plaintiff, defendants, as the moving party, failed to "establish that it was beyond genuine factual dispute" that they "lacked [actual or] constructive notice of the defective condition." *Id*. at 575. Accordingly, with respect to plaintiff's premises liability claim, the trial court erred in granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(10).

## II. STATUTORY CLAIMS

Plaintiff alleged claims under the FHCO and MCL 554.139, and we will refer to these claims as "statutory claims" for purposes of this opinion. Plaintiff argues that the trial court erred in dismissing these claims.

The court granted defendants' motion for summary disposition as to plaintiff's statutory claims pursuant to MCR 2.116(C)(8). A motion brought under MCR 2.116(C)(8) tests only the pleadings and is properly granted if "[a]ll well-pleaded factual allegations are accepted as true and construed in a light most favorable to the non-movant," the claims alleged are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999) (quotation marks omitted). The "interpretation and application of a statutory provision" is also a question of law that is reviewed de novo. *Veenstra*, 466 Mich at 159.

At the hearing on defendants' motion for summary disposition, the trial court found that the FHCO did not expressly create a cause of action for which plaintiff could allege a violation, meaning that plaintiff failed to state a claim on which relief could be granted for violation of the code and summary disposition under MCR 2.116(C)(8) was proper. Plaintiff states in his questions presented that the trial court erred by granting summary disposition under MCR 2.116(C)(8); however, plaintiff does not present any argument regarding his claim under the FHCO. Failure to brief an issue on appeal results in the abandonment of that issue. *Steward v Panek*, 251 Mich App 546, 558; 652 NW2d 232 (2002). An appellant may not "simply . . . announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) (quotation marks omitted). Therefore, plaintiff has abandoned his claim that the trial court erred by granting summary disposition under MCR 2.116(C)(8) of plaintiff's claim under the FHCO. *Id*.

With respect to plaintiff's claim under MCL 554.139,[2] that statute provides in relevant part as follows:

(1) In every lease or license of residential premises, the lessor or licensor covenants:

(a) That the premises and all common areas are fit for the use intended by the parties.

(b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located . . . . [MCL 554.139(1)(a) and (b).]

"MCL 554.139 provides a specific protection to lessees and licensees of residential property in *addition* to any protection provided by the common law." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008) (emphasis in original). This specific statutory protection arises out of the existence of a residential lease, so breach of the duty to maintain the premises under MCL 554.139 constitutes a breach of contract subject to contract remedies. *Id*. at 425-426.

At the April 22, 2015 hearing regarding defendants' motion for summary disposition, defense counsel made the following statement to plaintiff's counsel: "And counsel, you correct me if I'm wrong, but your statements on the Record lead me to believe that you are admitting that there is no landlord-tenant claim. Is that correct?" Plaintiff's counsel responded "Correct." Following that exchange, when the trial court stated its opinion on the record, the trial court noted that plaintiff had acquiesced that his claim under MCL 554.139 was not a viable claim, and the trial court then provided no further discussion of the MCL 554.139 issue.

Despite the fact that plaintiff admitted on the record that there was no claim under MCL 554.139, plaintiff argues that the trial court erred in dismissing his claim under the statute. However, "it is fundamental that a party may not create error in a lower court, and then claim on appeal that the error requires reversal." *Clohset v No Name Corp*, 302 Mich App 550, 566; 840 NW2d 375 (2013). To do so "'would permit the party to harbor error as an appellate parachute.'" *Id*. (quotation marks omitted). Therefore, because plaintiff stated on the record before the trial court that there was no claim under MCL 554.139, on appeal, plaintiff is foreclosed from arguing that the court erred in dismissing that claim.

Moreover, plaintiff's claim that defendants owed him any duties under MCL 554.139 lacks merit. It is undisputed that plaintiff was not a tenant of the apartments but instead was a social guest there visiting his girlfriend. As stated, the specific statutory protection found in

---

[2] Plaintiff does not present arguments with respect to any other statute. Thus, he has abandoned any argument related to other statutes that he cited in the lower court. See *Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998).

MCL 554.139 arises out of the existence of a residential lease and breach of the duty to maintain the premises under MCL 554.139 constitutes a breach of contract subject to contract remedies. *Allison*, 481 Mich at 425-426. Because plaintiff was not a tenant of the apartments, he was not a party to the lease and did not have standing to pursue relief under the statute. See *Mullen v Zerfas*, 480 Mich 989, 990; 742 NW2d 114 (2007) (stating that "defendant landlord did not have a duty under MCL 554.139(1) to the plaintiff, a social guest of the tenant").

In sum, the trial court did not err in granting summary disposition as to plaintiff's statutory claims.

## III. ADMISSIBILITY OF AFFIDAVIT

Finally, plaintiff argues that the trial court erred when it refused to allow plaintiff's counsel to submit Joblonski's affidavit.

"This Court reviews for an abuse of discretion a trial court's decision to decline to entertain motions filed after the deadline set forth in its scheduling order." *Kemerko Clawson LLC v RXIV Inc*, 269 Mich App 347, 349; 711 NW2d 801 (2005). "An abuse of discretion occurs when the court's decision results in an outcome falling outside the range of principled outcomes." *Epps v 4 Quarters Restoration, LLC*, 498 Mich 518, 528; 872 NW2d 412 (2015).

Pursuant to MCR 2.401(B)(2), a trial court may enter a scheduling order as it deems appropriate to establish times for events to occur in a case, including the amendment of pleadings and the filing of motions. When a motion for summary disposition is brought, unless a different time period is set by the trial court, "any response to the motion (including brief and any affidavits) must be filed and served at least 7 days before the hearing." MCR 2.116(G)(1)(a)(ii). "The court rules provide for and encourage the use of scheduling orders to promote the efficient processing of civil and criminal cases." *People v Grove*, 455 Mich 439, 472, 475-476; 566 NW2d 547 (1997).

In this case, on February 27, 2015, the trial court entered an order that stated that plaintiff's response to defendants' motion for summary disposition was due on or before April 8, 2015. The hearing regarding the motion for summary disposition was set for April 22, 2015, and plaintiff received notice of that fact on March 3, 2015. On April 8, 2015, plaintiff filed a response and brief opposing defendants' motion for summary disposition, but did not include the Joblonski affidavit. Defendants replied on April 13, 2015, and then the scheduled hearing was held on April 22, 2015. During the hearing, plaintiff attempted to present the Joblonski affidavit to the court and file it with the court, but plaintiff had not previously informed defense counsel or the trial court of the affidavit or provided them with copies of the affidavit. In doing so, plaintiff failed to abide by the court's scheduling order; accordingly, the court did not abuse its discretion in declining to consider the untimely affidavit.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. Neither party having prevailed in full, no costs are awarded. MCR 7.219. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Stephen L. Borrello
/s/ Cynthia Diane Stephens