*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHELLE WHITAKER,

        Plaintiff-Appellee,

UNPUBLISHED
January 25, 2024

v

No. 363242
Eaton Circuit Court
LC No. 21-000644-NO

MEIJER INC,

        Defendant-Appellant.

Before: GARRETT, P.J., and LETICA and MALDONADO, JJ.

PER CURIAM.

In this slip-and-fall case, defendant appeals by leave granted[1] the trial court's order denying its motion for summary disposition, which was made pursuant to MCR 2.116(C)(10) (no genuine issue of material fact). Because there is no evidence upon which a rational fact finder could conclude that defendant had notice of the hazard, we reverse the trial court's denial of defendant's motion for summary disposition and remand for entry of an order granting defendant's motion for summary disposition.

## I. BACKGROUND

The underlying facts giving rise to this dispute are simple. Plaintiff was at a Meijer store with her fiancé. While in the health and beauty section of the store, plaintiff rounded a corner to enter a different aisle, and she slipped on an unidentified liquid that she described as being a "yellowish-brown" color. Plaintiff was injured and filed a premises liability suit. Because the nearby security camera was inoperable, there was no way for plaintiff to ascertain how long the liquid was present. Nevertheless, when denying defendant's motion for summary disposition, the trial court concluded that the nature of the liquid was such that a reasonable trier of fact could infer

---

[1] *Whitaker v Meijer Inc*, unpublished order of the Court of Appeals, entered April 3, 2023 (Docket No. 363242).

-1-

that defendant had constructive notice.[2]  After its motions for summary disposition and reconsideration were denied, defendant sought leave to appeal in this Court.

## II.  DISCUSSION

Defendant argues that the trial court erred by concluding that the record could support a finding that defendant had constructive notice of the hazardous condition.  We agree.

This Court reviews de novo a trial court's decision to grant or deny a motion for summary disposition, and the evidence is viewed in a light most favorable to the nonmoving party.  *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).  Summary disposition should be granted pursuant to MCR 2.116(C)(10) when the evidence reveals no genuine issue of material fact.  *Id*.  "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ."  *Id*.

To establish a premises liability claim, plaintiff must establish the elements of negligence. *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 693; 822 NW2d 254 (2012). Negligence requires proof of the following elements: "(1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages."  *Id*. (quotation marks and citation omitted). "Generally, an owner of land owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land."  *Id*. (quotation marks and citation omitted).

The plaintiff has the burden to prove that the defendant had actual or constructive notice, and the defendant is entitled to summary disposition if the defendant is able to demonstrate "that [the] plaintiff failed to present sufficient evidence of notice."  *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 10; 890 NW2d 344 (2016).  It is not necessary for "a defendant to present evidence of a routine or reasonable inspection . . . to prove a premises owner's lack of constructive notice of a dangerous condition on its property."  *Id*.  A plaintiff establishes constructive notice if the plaintiff shows "that the hazard was of such a character, or had existed for a sufficient time, that a reasonable premises possessor would have discovered it."  *Id*. at 11-12.  It is undisputed that plaintiff produced no evidence regarding the amount of time the hazard was present.  Importantly, as defendant emphasizes, plaintiff conceded that the liquid could have been spilled only seconds before she fell.  Therefore, plaintiff can only prevail if it can be established that the hazard was of such a character that it should have been discovered.

Plaintiff has not persuaded us that this hazard was of such a character that it should have been discovered.  Instead of explaining how the character of the spill requires us to find the defendant had constructive notice of the spill, she focuses her argument on the idea that it is highly irregular and unforeseeable for there to be a spill in this area of the store.  However, this argument is upside down because it is less likely that a reasonable shopkeeper would have notice of an unforeseeable hazard.  Further, plaintiff tries to analogize her lawsuit to cases that are easily

---

[2] This Court also concluded that there was a question of fact regarding whether the hazard was open and obvious, but our conclusion that defendant lacked notice renders that issue moot.

distinguishable. In *Kroll v Katz*, 374 Mich 364, 366; 132 NW2d 27 (1965), the plaintiff went to a house owned by the defendant to perform plumbing work, and he was injured while walking down to the basement to turn off the water supply because he did not know that the bottom step was missing. The Supreme Court concluded that the defendant, during "his visit to the basement before the accident did discover or, in the exercise of reasonable care, then, or subsequently, should have discovered that the situation was dangerous . . . ." *Id*. at 374. Simply put, a broken stair in a house that the defendant owned is not analogous to a spilled liquid in a supermarket; it is reasonable to believe that a person is aware of safety issues that have arisen in a house that the person owns, and, unlike a spilled liquid in a store, a broken stair this is not the sort of hazard that could have suddenly arisen immediately before the plumber went down the stairs. In *Yarington v Huck*, 218 Mich 100, 100-101; 187 NW 298 (1922), the plaintiff was entering an inn to have dinner, and "after stepping over the threshold of the main door she caught her foot in a hole in the matting or runner spread from the doorsill to a cigar case to prevent mud being carried into the dining room on rainy days." She fell and was injured, and the Supreme Court concluded that notice could be inferred, despite the absence of evidence regarding how long the hazard was present because the character of the hazard was sufficient to raise a question of fact regarding notice. *Id*. at 101-104; see also *Kroll*, 374 Mich at 372 (explaining the holding in *Yarington*). Again, a hole in a rug is not like a spill in a supermarket; a hole typically takes an appreciable amount of time to be worn into a carpet.

Plaintiff argues that "[a] hole in a carpet and a missing step are both similar to a puddle of brown liquid in the health and beauty area of a retail store—unusual and unforeseeable." There are multiple problems with this attempt to compare the present case to *Kroll* and *Yarington*. First, there is nothing in the Supreme Court's opinions in *Kroll* or *Yarington* suggesting that its decisions turned on its opinion that the hazards were not foreseeable. Second, as noted, plaintiff's argument that this hazard was unforeseeable, if presumed true, is self-defeating because defendant would be less likely to have notice of a hazard that is not foreseeable. Finally, it is worth noting that, even if a lack of foreseeability did suggest constructive notice, plaintiff's contention that a spill in the health and beauty section of the store was unforeseeable is without evidentiary support.

Finally, plaintiff seems to suggest that notice can be inferred because defendant failed to adequately inspect its premises, but this argument circles us back to the lack of evidence regarding the length of time the hazard was present. Even assuming arguendo that defendant had a legal duty to thoroughly inspect the floors very often, plaintiff's concession that there was no way to know that the hazard had been present for even a full minute is fatal to her claim. It cannot be established that frequent inspections would or should have uncovered the spill in the absence of any evidence regarding how long it had been present, especially in light of plaintiff's concession that it could have been there for mere seconds.[3]

---

[3] Because our conclusion that plaintiff cannot establish that defendant had notice of the spill entitles defendant to summary disposition of plaintiff's claims, we decline to address defendant's remaining arguments.

## III.  CONCLUSION

The trial court's order denying defendant's motion for summary disposition is reversed, and this case is remanded for entry of an order granting defendant's motion for summary disposition.  Defendant, being the prevailing party, may tax costs.  MCR 7.219.  We do not retain jurisdiction.

/s/ Kristina Robinson Garrett
/s/ Anica Letica
/s/ Allie Greenleaf Maldonado