*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KELLIE ANN SANTOS,

Plaintiff-Appellant,

v

GARNER PROPERTIES & MANAGEMENT, LLC,

Defendant-Appellee.

UNPUBLISHED
September 10, 2020

No. 349211
Wayne Circuit Court
LC No. 18-001082-NF

Before: LETICA, P.J., and FORT HOOD and GLEICHER, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals as of right the circuit court's order granting summary disposition in favor of defendant, a property management company, under MCR 2.116(C)(10) (no genuine issue of material fact). On appeal, plaintiff asserts that the circuit court erred by granting summary disposition in favor of defendant because there was a genuine issue of material fact regarding whether defendant breached its common law and statutory duties to maintain the premises. We affirm.

## I. BACKGROUND

This action arises out of an ankle injury plaintiff sustained while residing in a two-story rental home managed by defendant in the city of Taylor, Michigan (the rental home). As plaintiff descended the staircase from the second floor to the first floor, a stair detached from the wall and the riser. The stair shifted forward, and plaintiff fell forward and broke her left ankle. Plaintiff required surgery to repair her broken ankle. On the date of plaintiff's injury, plaintiff was residing in the rental home with her mother, her brother, and her children. Plaintiff was not a party to the lease agreement. However, plaintiff's mother, Shelly Santos, previously informed one of defendant's employees that plaintiff was residing in the rental home.

Plaintiff filed a complaint seeking damages for defendant's alleged failure to properly maintain the staircase in the rental home. After the parties engaged in discovery, defendant filed a motion for summary disposition under MCR 2.116(C)(10). Defendant argued that summary disposition was warranted because there was no genuine issue of material fact regarding whether defendant had actual or constructive notice of the defect in the staircase before plaintiff's injury

-1-

occurred, and defendant did not owe plaintiff a statutory duty because plaintiff was not a party to the lease agreement. The circuit court granted defendant's motion for summary disposition.

This appeal followed.

## II. PREMISES LIABILITY

The trial court correctly determined that there was no genuine issue of material fact regarding whether defendant had actual or constructive notice of the defect in the staircase before plaintiff's injury occurred.

"We review de novo a circuit court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Id*. at 160. When considering a motion under MCR 2.116(C)(10), the trial court must consider all substantively admissible evidence submitted by the parties in the light most favorable to the nonmoving party. *Id*.; *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *El-Khalil*, 504 Mich at 160. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks omitted).

"Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). "In the latter case, liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Id*. "If the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence . . . ." *Id*. "In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006).

"The duty that a landlord owes a plaintiff depends on the plaintiff's status on the land." *Id*. Tenants are invitees of a landlord. *Royce v Chatwell Club Apartments*, 276 Mich App 389, 391 n 2; 740 NW2d 547 (2007). Likewise, a tenant's social guests are invitees of a landlord. *Stanley v Town Square Co-op*, 203 Mich App 143, 148; 512 NW2d 51 (1993). A landlord "owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Benton*, 270 Mich App at 440 (quotation marks omitted). "This duty arises when the defendant has actual or constructive notice of the condition." *Banks v Exxon Mobil Corp*, 477 Mich 983, 983; 725 NW2d 455 (2007). A landlord breaches its duty of care when it "knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016) (quotation marks omitted).

Plaintiff's injury arose from an allegedly dangerous condition in the rental home managed by defendant. Thus, this action sounds in premises liability. *Buhalis*, 296 Mich App at 692. At the time plaintiff's injury occurred, she was a social guest because she resided in the rental home

as a nonparty to the lease agreement between Shelly and defendant. Therefore, plaintiff was an invitee on defendant's property on the date she was injured, *Stanley*, 203 Mich App at 148, and defendant owed plaintiff a duty to safeguard her against an unreasonable risk of harm caused by any dangerous conditions in the rental home, provided that defendant had actual or constructive notice of the defect. *Benton*, 270 Mich App at 440.

## A. ACTUAL NOTICE

There was no genuine issue of material fact regarding whether defendant had actual notice of the defective staircase.

Plaintiff asserts that defendant had actual notice of the defective staircase because employees of the city of Taylor conducted an inspection of the rental home in February 2012, and the inspection report provided that the staircase did not comply with applicable building codes. However, the February 2012 inspection report reflected that the rental home failed the inspection because the handrail in the stairwell did not comply with applicable building codes. The February 2012 inspection report did not reflect any defects in the stairs themselves. Furthermore, employees of the city of Taylor conducted inspections of the property on December 11, 2015, February 5, 2016, and February 17, 2017. The inspection reports listed the aspects of the property that did not comply with applicable building codes. The staircase and handrail were not included on these lists, thereby indicating that the staircase and handrail complied with applicable building codes when the inspections were completed. Moreover, Christopher Garner, owner and president of defendant, testified that defendant never received notice of any defects with the stairs.

However, plaintiff contends that defendant also had actual notice of the defective staircase because Shelly testified that in the fall of 2015, an unnamed individual working for a construction company spoke to one of defendant's employees and reported that defendant's employee told the unnamed individual not to complete repairs on the stairway because doing so would exceed the maintenance budget.

Initially, we note that the circuit court determined that Shelly's testimony was inadmissible hearsay because it lacked a sufficient foundation. In ruling on a motion for summary disposition under MCR 2.116(C)(10), a trial court can only consider substantively admissible evidence. *Maiden*, 461 Mich at 120.

We review a trial court's evidentiary decisions for an abuse of discretion. *Varran v Granneman (On Remand)*, 312 Mich App 591, 621; 880 NW2d 242 (2015). "A trial court abuses its discretion if its decision results in an outcome outside the range of principled outcomes." *Id*.

Hearsay is "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." MRE 801(c). "Hearsay is inadmissible except as delineated within the rules of evidence." *Ykimoff v Foote Mem Hosp*, 285 Mich App 80, 105; 776 NW2d 114 (2009). A statement is not hearsay if it is "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship[.]" MRE 801(d)(2)(D). In order for a statement to be admissible under 801(d)(2), the proponent must establish a sufficient foundation

concerning the source of the statement. *Merrow v Bofferding*, 458 Mich 617, 633; 581 NW2d 696 (1998).

We conclude that the trial court's determination was not an abuse of discretion. See *Varran*, 312 Mich App at 621. Shelly was unable to identify the individual working for the construction company, and she was unable to identify defendant's employee who told the unnamed individual not to complete repairs on the stairway because doing so would exceed the maintenance budget. Furthermore, plaintiff was unable to verify the identity of either of the individuals Shelly referred to in Shelly's deposition. Accordingly, plaintiff failed to establish a foundation concerning the source of the statement plaintiff attempted to rely on, and the circuit court did not abuse its discretion. *Merrow*, 458 Mich at 633.

Given that plaintiff failed to present any substantively admissible evidence to counter defendant's evidence that it lacked actual notice, there was no genuine issue of material fact on this point.

## B. CONSTRUCTIVE NOTICE

There was no genuine issue of material fact regarding whether defendant had constructive notice of the defective staircase. In order to establish that a landlord has constructive notice of a dangerous condition, a plaintiff must present evidence that the defect is of such a character or has existed for a sufficient length of time such that the landlord should have knowledge of its presence. *Lowrey*, 500 Mich at 10-11. "Constructive notice may arise not only from the passage of time itself, but also from the type of condition involved, or from a combination of the two elements." *Banks*, 477 Mich at 983 (citation omitted). "Generally, the question of whether a defect has existed a sufficient length of time and under circumstances that the defendant is deemed to have notice is a question of fact, and not a question of law." *Id*. at 984.

Plaintiff failed to present evidence that the defect was of such a character or existed for a sufficient length of time such that defendant should have had knowledge of its presence. During her deposition, plaintiff testified that she lived at the rental home for approximately a year before her injury occurred. During that period, plaintiff used the staircase almost every day and never noticed a defect with the stairs. Plaintiff testified that Shelly, plaintiff's children, and plaintiff's brother never complained about any defects in the stairs, and Shelly confirmed that she never noticed any defect during the period she was living in the rental home. Thus, the record reflects that the defect was not apparent until the date of plaintiff's injury, and it is unclear how long the defect existed before plaintiff's injury. Accordingly, there was no genuine issue of material fact regarding whether the defect was of such a character or existed for a sufficient length of time such that defendant should have had knowledge of its presence. Therefore, there was no genuine issue of material fact regarding whether defendant had constructive notice of the defect before plaintiff's injury.

## III. MCL 554.139

As an initial matter, it is not clear if plaintiff's entitlement to recovery under MCL 554.139 was properly preserved. "An issue is preserved for appellate review when it is raised in and decided by the trial court." *Pugno v Blue Harvest Farms, LLC*, 326 Mich App 1, 10; 930 NW2d

393 (2018). Although plaintiff did not specifically address the applicability of MCL 554.139 in her response to defendant's summary disposition motion, plaintiff asserted that she was entitled to recovery under MCL 554.139 in her complaint, and defendant asserted that plaintiff was not entitled to recovery under MCL 554.139 in its motion for summary disposition. The circuit court did not address the applicability of MCL 554.139 when it granted defendant's summary disposition motion. However, a party should not be penalized by the circuit court's failure to address or decide an issue that was otherwise properly brought before it. See *Loutts v Loutts*, 298 Mich App 21, 23-24; 826 NW2d 152 (2012). Therefore, we will review this issue as preserved.

The circuit court did not err when it granted defendant's motion for summary disposition because, as a matter of law, defendant did not owe plaintiff a duty under MCL 554.139.

In relevant part, MCL 554.139 provides that:

(1) In every lease or license of residential premises, the lessor or licensor covenants:

(a) That the premises and all common areas are fit for the use intended by the parties.

(b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenants wilful or irresponsible conduct or lack of conduct.

"MCL 554.139 provides a specific protection to lessees and licensees of residential property in *addition* to any protection provided by the common law." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). Nonetheless, "[t]he statutory protection under MCL 554.139(1) arises from the existence of a residential lease and consequently becomes a statutorily mandated term of such lease." *Id*. For this reason, "a breach of the duty to maintain the premises under MCL 554.139(1)(a) or (b) would be construed as a breach of the terms of the lease between the parties and any remedy under the statute would consist exclusively of a contract remedy." *Id*. at 425-426. Accordingly, under MCL 554.139(1), a landlord owes no duty to a tenant's social guests or other nonparties to a lease agreement. See *Mullen v Zerfas*, 480 Mich 989, 990; 742 NW2d 114 (2007).

The parties do not dispute that plaintiff was not a party to the written lease agreement between defendant and Shelly. However, plaintiff argues that she was entitled to statutory protection under MCL 554.139(1) because there was a de facto lease agreement between plaintiff and defendant. We disagree.

Plaintiff does not provide any authority for her assertion that a de facto lease agreement may arise between a landlord and an individual that has not signed a lease. Nonetheless, plaintiff argues that an implied contract existed between herself and defendant. We disagree with plaintiff's assertion. An implied contract, as with any other contract, must satisfy the elements of mutual assent and consideration. *Mallory v City of Detroit*, 181 Mich App 121, 127; 449 NW2d 115 (1989). In this case, plaintiff failed to present any evidence of mutual assent or consideration. Although Shelly testified that she informed defendant's employee that plaintiff was residing with

her, Shelly's testimony merely indicates that defendant was aware that plaintiff was a guest at Shelly's residence. Plaintiff failed to present any evidence that she paid rent to Shelly or directly to defendant, that she wished to become a party to the lease, or that defendant would permit her do any of these things. Because plaintiff failed to present any evidence of mutual assent or an exchange of consideration between plaintiff and defendant, there was no genuine issue of material fact regarding the existence of an implied contract. Moreover, because plaintiff was not a party to the lease and because plaintiff failed to present evidence that an implied contract existed, defendant did not owe plaintiff a duty under MCL 554.139(1).[1] *Mullen*, 480 Mich at 990.

Affirmed.

/s/ Anica Letica
/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher

---

[1] Even were we to consider plaintiff a tenant, the result would not change. Liability under MCL 554.139 requires notice of a defect or that the property is unfit for its intended use. See *Evans v Van Kleek*, 110 Mich App 798, 803; 314 NW2d 486 (1981). As discussed above, plaintiff failed to present any evidence substantiating that defendant had notice of a defect in the stairs or notice that the stairs were unfit for their intended use.