# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 5, 2007

131036

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

MICHAEL BANKS,
          Plaintiff-Appellant,

v

EXXON MOBIL CORPORATION, d/b/a
WIXOM MOBIL ON THE RUN, and
ROBERT PEMBERTON,
          Defendants-Appellees,

and

DEBRA SALISBURY,
          Defendant.
_____/

SC: 131036
COA: 257902
Oakland CC: 2003-049526-NO

On December 14, 2006, the Court heard oral argument on the application for leave to appeal the March 16, 2006 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(G)(1). In lieu of granting leave to appeal, we REVERSE that part of the judgment of the Court of Appeals holding that the defendants were entitled to summary disposition on the issue of constructive notice of the dangerous condition of the gasoline pump that allegedly injured the plaintiff. A defendant has a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land. *Mann v Shusteric Enterprises, Inc,* 470 Mich 320, 328 (2004). This duty arises when the defendant has actual or constructive notice of the condition. *Bertrand v Alan Ford, Inc,* 449 Mich 606, 609 (1995). Constructive notice may arise not only from the passage of time itself, but also from the type of condition involved, or from a combination of the two elements. *Kroll v Katz,* 374 Mich 364, 372 (1965). Generally, the question of whether a defect has existed a sufficient length of time and under circumstances that the defendant is deemed to have notice is a question of fact, and not a question of law. *Id.*, p 371 (citing *Cruz v City of Saginaw,* 370 Mich 476, 481 (1963)). Because a reasonable jury could conclude based on the facts presented to the trial court that the defendants should have discovered the defect, summary disposition was improperly granted. We REMAND this case to the Oakland Circuit Court for further proceedings not inconsistent with this order.

KELLY, J., concurs and states as follows:

I join the order reversing and remanding on the issue of notice. I write separately to discuss an issue not essential to the order, but nonetheless interesting: whether an adverse-inference jury instruction should be taken into consideration when ruling on a motion for summary disposition.

Plaintiff was injured at a gas station when the pump he was using to put gasoline in his automobile burst and sprayed gasoline in his face. Plaintiff sued the owner and the manager of the gas station, asserting premises liability. One of the station's cameras videotaped the pumps. Defendants could not produce a videotape that allegedly may have shown that defendants had notice that the pump in question was damaged before it injured plaintiff. As a result, the judge ruled that she would give the jury an instruction that allowed it to infer that the contents of the videotape would have been adverse to defendants. But the case did not go to trial because, soon after making the ruling, the judge granted summary disposition to defendants.

An issue not addressed in our order is whether the judge should have taken the adverse inference into consideration when ruling on the motion for summary disposition. It is an issue of first impression. This Court has stated that whether a summary disposition motion should be granted depends on whether there is evidence "sufficient to permit a reasonable jury to find"[1] for the nonmoving party. We have decided that a jury is able to take an adverse inference into account. I believe that it logically follows that the judge must draw the adverse inference when ruling on a motion for summary disposition.[2] Just as the jury should consider all the evidence before it, so too should the judge when ruling on a motion for summary disposition.

This determination is not only logical, it accords with courts outside our jurisdiction that have allowed an adverse inference to be considered when ruling on a summary disposition motion. See *Byrnie v Town of Cromwell, Bd of Ed*, 243 F3d 93, 107 (CA 2, 2001), quoting *Kronisch v United States*, 150 F3d 112, 128 (CA 2, 1998) ("an inference of spoliation, in combination with 'some (not insubstantial) evidence' for the plaintiff's cause of action, can allow the plaintiff to survive summary judgment"); *Larsen v Romeo*, 254 Md 220, 228 (1969) (considering an adverse inference when reviewing a ruling on a motion for a directed verdict).

---

[1] *Quinto v Cross & Peters Co*, 451 Mich 358, 367 (1996).

[2] The adverse inference is permissive in that a jury would be free to accept or reject it. However, in ruling on a motion for summary disposition, the judge should be required to draw the adverse inference when it favors the nonmoving party. Otherwise, the judge would not be viewing the evidence, as required, in the light most favorable to the nonmoving party. *Dressel v Ameribank*, 468 Mich 557, 561 (2003).

Because the adverse inference here was relevant to the issue of notice, the trial judge erred in failing to take it into consideration when ruling on defendants' motion for summary disposition.

CORRIGAN, J., would grant leave to appeal.

WEAVER, J., would not peremptorily reverse, as she would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 5, 2007

s0103

Clerk