*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MATTHEW A. STOUT,

        Plaintiff-Appellant,

UNPUBLISHED
November 9, 2021

v

No. 355608
Muskegon Circuit Court
LC No. 20-000826-NI

CINDY M. CHAPMAN,

        Defendant-Appellee.

Before: MURRAY, C.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

In this premises liability action, plaintiff, Matthew Stout, appeals as of right the trial court's order granting defendant, Cindy Chapman, summary disposition under MCR 2.116(C)(10). We affirm.

## I. BACKGROUND

This case stems from injuries plaintiff incurred after falling through the stairs leading to defendant's basement. Defendant's basement is not accessible from her house; the only way to access it is through a storm door from the outside. In March 2017, defendant discovered that she had a leak in her basement, so she hired plaintiff—an experienced handyman—to conduct repairs. Plaintiff went to defendant's house on March 7, 2017, and during the course of his repairs, he went up and down the basement stairs five to seven times without incident. On his last trip down the stairs, however, the first or second stair collapsed, and he fell through the stairs, breaking his left ankle.

Pictures of the stairs after the collapse were taken on March 22, 2017, and they are included in the lower court record. In those photos, the wood for the stringers—the boards on the sides of the staircase to which the steps are attached—is clearly aged. The fasteners at the top of the steps are also visible, and they appear rusty.

Plaintiff returned to the defendant's basement "months after" his fall, at which time the steps that had collapsed were gone. Plaintiff believed that they had been burned by his father, who was in a relationship with defendant at the time. The stringers, however, were still at defendant's

-1-

house, and plaintiff took them home. Photographs of the stringers, taken in 2020, are included in the lower court record. Plaintiff hired an expert to inspect the stringers, and the expert prepared a report in which he opined that the stringers were "visibly rotting" and that the deterioration would have occurred "over years or decades." The expert further opined that the rot would have been visible because the bottoms of the stringers were rotting and "the front of the staircase had no planks on the 'riser' portion of the stairs."

In February 2020, plaintiff filed a complaint against defendant. Eventually, defendant moved for summary disposition under MCR 2.116(C)(10), arguing that she did not breach any duty of care to plaintiff because she did not have notice of the defective condition of the stairs. Following oral argument, the trial court agreed that defendant lacked actual and constructive notice and granted defendant's motion for summary disposition. Plaintiff now appeals.

## II. NOTICE

Plaintiff first argues that the trial court erred by concluding that he failed to proffer sufficient evidence from which a reasonable juror could conclude that defendant had notice of the dangerous condition. We disagree.

### A. STANDARD OF REVIEW

Appellate courts review de novo a trial court's decision on a motion for summary disposition. *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012). The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(10). "A motion made under MCR 2.116(C)(10) tests the factual sufficiency of a claim, and when the proffered evidence fails to establish a genuine issue of material fact, the moving party is entitled to judgment as a matter of law." *Hoffner*, 492 Mich at 459. In reviewing a (C)(10) motion, this Court "considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). A genuine issue of material fact exists when, after viewing the evidence in a light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

### B. ANALYSIS

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Estate of Trueblood v P&G Apartments, LLC*, 327 Mich App 275, 285; 933 NW2d 732 (2019) (quotation marks and citation omitted). It is undisputed that plaintiff was an invitee on defendant's land. "In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). This duty extends only to conditions that the premises possessor knows of or should have known about. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016). That is, in order to prevail in a premises liability

action, the plaintiff must "establish that defendant, as a premises owner, possessed actual or constructive notice of the dangerous condition." *Id*. at 10. Constructive notice may arise from the passage of time, from the type of condition involved, or from a combination of the two elements. *Banks v Exxon Mobil Corp*, 477 Mich 983, 983-984; 725 NW2d 455 (2007). However, "[t]he mere existence of a defect or danger is not enough to establish liability . . . ." *Kroll v Katz*, 374 Mich 364, 373; 132 NW2d 27 (1965) (quotation marks and citation omitted).

Here, plaintiff did not present any evidence of actual notice. Defendant testified that she never noticed any defects in the staircase, and plaintiff, an experienced handyman who walked up and down the stairs five to seven times on the day of the accident, similarly never noticed any defects. Moreover, during the hearing on defendant's motion for summary disposition, plaintiff conceded that defendant did not have actual knowledge of the allegedly dangerous condition. Accordingly, the trial court properly determined that there was no question of fact that defendant did not have actual notice of the at-issue condition.

The remaining question, and the crux of plaintiff's argument on appeal, is whether plaintiff submitted sufficient evidence from which a reasonable juror could conclude that defendant had constructive notice of the at-issue condition. Again, no one noticed any defects in the staircase before it fell, not even plaintiff, an experienced handyman. Plaintiff's expert nevertheless opined in his report that, when he observed the stringers, the bottoms of the stringers were visibly rotting, and that, based on defendant's testimony that the bottoms of the stringers were visible, this rot at the bottoms of the stringers would have been discovered upon reasonable inspection. In our opinion, however, the condition at the base of the steps would not have alerted defendant to the danger that the stairs attached to the stringers could collapse. In other words, this evidence does not establish a question of fact whether defendant should have known about the dangerous condition. We therefore conclude that plaintiff has failed to come forth with sufficient evidence to establish a question of fact whether defendant had constructive notice of the dangerous condition, so summary disposition in favor of defendant was proper. See *Lowrey*, 500 Mich at 9 (explaining that, to be entitled to summary disposition, a "[d]efendant is not required to go beyond showing the insufficiency of [the] plaintiff's evidence").

Plaintiff argues that the trial court erred by concluding that no reasonable juror could conclude that defendant had constructive notice of the defective condition because plaintiff's expert opined that the staircase had been rotting for years. It is true that a plaintiff can establish constructive notice if he or she can establish that the defendant "should have known of [the condition] because of its character or the duration of its presence." *Lowrey*, 500 Mich at 11. See also *Banks*, 477 Mich at 983-984. This is a common-sense principle. It supposes that a defendant should have known about a condition because it had existed for such a time or was of such a character that someone should have noticed it, like grapes that had been on the floor of a checkout lane for an hour, see *Clark v Kmart Corp*, 465 Mich 416, 421; 634 NW2d 347 (2001), a hole in a rug just inside a doorway that numerous people traversed through, see *Yarington v Huck*, 218 Mich 100, 103-104; 187 NW 298 (1922), or a hole in pavement that had existed for months, see *Cruz v City of Saginaw*, 370 Mich 476, 481; 122 NW2d 670 (1963); *Siegel v Detroit City Ice & Fuel Co*, 324 Mich 205, 211-212; 36 NW2d 719 (1949). In each situation, a reasonable person observing the condition clearly could have noticed and been alerted to the dangerous condition upon reasonable inspection, and so each case concluded that the defendant had constructive notice of the condition because it had existed for such a time or was of such a character that someone should

have noticed it. As previously explained, plaintiff has failed to come forth with evidence from which a reasonable juror could infer that defendant could have noticed and been alerted to the dangerous condition, so the trial court properly granted summary disposition in favor of defendant.

## III. VIOLATION OF SCHEDULING ORDER

Plaintiff also argues that the trial court abused its discretion when it considered defendant's motion for summary disposition even though defendant supplemented her allegedly deficient motion within 21 days of the hearing date in violation of MCR 2.116(G)(1)(a)(*i*). We disagree.

### A. STANDARD OF REVIEW

The trial court's decision to rule on a party's motion for summary disposition even though the motion was filed after the scheduling order deadline had elapsed is reviewed for an abuse of discretion. See *EDI Holdings LLC v Lear Corp*, 469 Mich 1021; 678 NW2d 440 (2004). "An abuse of discretion occurs when the decision falls outside the range of reasonable and principled outcomes." *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 405; 952 NW2d 586 (2020).

### B. ANALYSIS

A motion for summary disposition under MCR 2.116 "must be filed and served at least 21 days before the time set for the hearing," unless a different period is set by the trial court. MCR 2.116(G)(1)(a)(*i*). Pursuant to the scheduling order and the adjournment of case evaluation, the last day that the trial court would hear a motion for summary disposition was November 12, 2020. In accordance with MCR 2.116(G)(1)(a)(*i*), defendant filed her original motion for summary disposition on October 22, 2020—21 days before November 12, 2020. Defendant then amended her motion on October 27, 2020 to include the transcripts of the depositions. Therefore, defendant filed her amended motion for summary disposition only 16 days before the time set for the hearing in violation of MCR 2.116(G)(1)(a)(*i*).

For plaintiff to prevail on his claim that the trial court abused its discretion when it considered defendant's motion for summary disposition despite defendant violating MCR 2.116(G)(1)(a)(*i*), plaintiff had to show that the noncompliance resulted in prejudice; otherwise, any error was harmless. Accord *Baker v DEC Intern*, 218 Mich App 248, 262; 553 NW2d 667 (1996).

On appeal, plaintiff fails to explain how he was prejudiced by the trial court's decision to rule on defendant's amended motion for summary disposition, despite the motion's procedural deficiencies. Indeed, it is unclear how plaintiff could be prejudiced by defendant merely including the correct quotations and citations from the depositions in her amended motion for summary disposition. Accordingly, without any showing of prejudice, reversal is not warranted, and there is no basis on which to conclude that the trial court abused its discretion by accepting defendant's amended motion for summary disposition.

Affirmed.

/s/ Christopher M. Murray
/s/ Colleen A. O'Brien