*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LORETTA SMITH,

      Plaintiff-Appellant,

v

EMPIRE PROPERTY INVESTMENTS, INC.,
EMPIRE PROPERTY INVESTMENTS, LLC, NEW
CENTURY, LLC, and ELEGANT HOMES
REALITY, INC.,

      Defendants,

and

NAWAL YOUSSEF,

      Defendant-Appellee.

UNPUBLISHED
August 10, 2023

No. 361468
Wayne Circuit Court
LC No. 20-015722-NO

Before: GLEICHER, C.J., and JANSEN and HOOD, JJ.

GLEICHER, C.J. (*concurring*).

I concur with the majority's determination that because defendant lacked actual or constructive notice of the hole in the porch, summary disposition was warranted. I write separately to highlight the facts driving my conclusion.

Plaintiff's counsel conceded at oral argument that no evidence suggests that defendant had actual notice of the porch's condition. Defendant purchased the property only a month before the accident and had never visited it. The inspection report failed to identify the defect and, critical to my analysis, even the tenant had no idea that the hole was there. During the three months that the tenant lived in the home, she had never inspected (or apparently even walked on) the back porch. Indeed, the tenant never saw the hole before her mother's fall because during most of her tenancy the porch was covered in snow. The sole remaining question is whether evidence of record supports that defendant had constructive notice of the defect.

-1-

"Generally, the question of whether a defect has existed a sufficient length of time and under circumstances that the defendant is deemed to have notice is a question of fact, and not a question of law." *Banks v Exxon Mobil Corp*, 477 Mich 983, 984; 725 NW2d 455 (2007), citing *Kroll v Katz*, 374 Mich 364, 371; 132 NW2d 27 (1965). But every fact question must rest on evidence. No evidence suggested or even hinted that defendant should have known that the hole existed. I accept that the hole was likely present for a long time, and that the inspection missed it. But given that the tenant did not know it was there, the inspector missed it, and defendant never personally set foot on the property, no evidence supports a constructive notice claim. Because no evidence supports plaintiff's constructive notice claim, the majority correctly affirms summary disposition in this case.


/s/ Elizabeth L. Gleicher