*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

REBECCA MINNITI,

        Plaintiff-Appellant,

v

MEIJER, INC,

        Defendant-Appellee.

UNPUBLISHED
September 23, 2024
3:25 PM

No. 368454
Macomb Circuit Court
LC No. 2022-002685-NO

Before: CAMERON, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Plaintiff fell on a slippery floor at a Meijer store and sued defendant for negligence and premises liability. Defendant moved for summary disposition under MCR 2.116(C)(10), arguing that plaintiff's claim was due to a condition of the premises and that defendant did not have constructive notice of the condition. The trial court granted defendant's motion. We reverse, in part, and remand for further proceedings consistent with this opinion.

In August 2019, at about 4:00 a.m., plaintiff went to the Utica Meijer on her way to work. Plaintiff picked up a couple items and then walked to the café section to get a fork. The café had closed for service the previous night at about 10:00 p.m., but the seating area was accessible. Plaintiff testified at her deposition that, as she reached the café, her feet slipped on a clear substance, and she fell on her tailbone. Plaintiff tried to brace her fall with her hands, but her hands also slipped, and she hit the back of her head on the ground. Plaintiff then saw a clear and greasy substance on her hands. A surveillance video of the incident showed an obstructed view of the café floor from about 2:00 a.m. to 6:20 a.m., and did not show anyone in the café before plaintiff's fall.

Plaintiff sued defendant for negligence and premises liability.

A produce clerk, the midnight manager, and an incident report taken by the manager at the time all described the condition of the floor as greasy. The incident report also indicates that there was not notice of the condition until plaintiff walked on it and that the last employee to have walked through or inspected the area was unknown. The manager testified that he observed other three-to-four-foot patches of grease throughout the café floor, but he was not sure if the entire café

floor was slippery. According to the manager, it was possible that no employees had been in the area between the time the café closed at 10:00 p.m. and when plaintiff fell.

Defendant moved for summary disposition under MCR 2.116(C)(10), and the trial court granted the motion. As to the negligence claim, the trial court found that the claim sounded solely in premises liability, which plaintiff does not challenge on appeal. As to premises liability, the trial court found that plaintiff failed to establish a genuine question of material fact that defendant had constructive notice of the dangerous condition. The trial court noted that plaintiff had "not satisfied her burden to prove when the condition was created." Plaintiff moved for reconsideration, which the trial court denied.

Plaintiff now appeals.

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St. Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citation omitted). With a motion for summary disposition under MCR 2.116(C)(10), this Court considers the evidence submitted in the light most favorable to the nonmoving party. *Payne v Payne*, 338 Mich App 265, 274; 979 NW2d 706 (2021). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Sherman*, 332 Mich App at 632 (citation omitted).

"In a premises liability action, liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Jahnke v Allen*, 308 Mich App 472, 475; 865 NW2d 49 (2014) (cleaned up). "Land possessors owe a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 112; 1 NW3d 44 (2023) (cleaned up). "A premises owner breaches its duty of care when it knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016) (cleaned up). Generally, a person who enters the property of another for business purposes has invitee status. *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88 (2000).

There is no claim here that defendant had actual notice of the condition. An invitee plaintiff may also, however, show that a defendant had constructive notice of the dangerous condition. See *Lowrey*, 500 Mich at 9. Constructive notice means that "the hazard was of such a character, or had existed for a sufficient time, that a reasonable premises possessor would have discovered it." *Id*. at 11-12.

Plaintiff presented evidence to support a finding that the defective condition had been present for at least two hours and that an employee should have noticed the condition, either at closing or in the six hours after closing, before plaintiff fell. The security-camera footage showed that nobody was in the café for at least two hours before plaintiff fell, and there is no evidence in the video that anything caused the spill within those two hours. The manager testified that it was possible that no employees had inspected the area for the six hours before the fall. Although defendant is not required to present evidence of routine inspections to establish a lack of constructive notice, see *id*. at 10, this is evidence that the substance had potentially been on the

floor for the six hours between the café closing and plaintiff falling. See *Clark v Kmart Corp*, 465 Mich 416, 417, 419-420; 634 NW2d 347 (2001).

Plaintiff did not, contrary to the trial court's decision, need to establish "when the condition was created." The evidence here shows that the greasy substance was likely on the floor for more than two hours. See *id*. at 420-421. Accordingly, there is a genuine question of material fact whether a reasonable premises possessor could have discovered it. See *id*. Therefore, plaintiff met her burden of showing a genuine question of material fact existed as to defendant having constructive notice of the hazard. See *Banks v Exxon Mobil Corp*, 477 Mich 983, 984; 725 NW2d 455 (2007).

We reverse the trial court's grant of summary disposition and remand for further proceedings. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Brock A. Swartzle