*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HELEN MANCILL,

      Plaintiff-Appellant,

v

TRIO INVESTMENT PROPERTIES LLC,

      Defendant-Appellee.

UNPUBLISHED
May 19, 2025
3:23 PM

No. 370890
Macomb Circuit Court
LC No. 2023-001758-NO

Before: WALLACE, P.J., and RICK and GARRETT, JJ.

PER CURIAM.

In this premises liability case, plaintiff appeals by right the trial court's order granting summary disposition to defendant on the issue of whether defendant had constructive notice of the allegedly dangerous condition on the land that caused her fall. Because we find that questions of fact exist as to whether defendant had constructive notice of the condition, we reverse the order of the trial court.

## I. FACTUAL AND PROCEDURAL HISTORY

In April 2019, plaintiff leased a house from defendant. According to plaintiff's deposition testimony, defendant sometimes made repairs to the property in the ensuing years in which she leased the house, but many were not made in a timely fashion and did not necessarily remedy the issues about which plaintiff had complained. By way of example, plaintiff complained about squirrels accessing the attic, which made very loud noises as they ran back and forth along the top floor. By the time the landlord finally addressed the situation, the animals had damaged wires in the attic, disabling part of the electrical system. In another example, plaintiff described damages sustained to a door on the side of the house (the side porch) resulting from an attempted break-in. Plaintiff testified that she reported the incident to the police and landlord, and sent pictures of the damage to the landlord, but more than a year had passed since the door was damaged and it had not been fixed.

On January 24, 2023, plaintiff exited the front door of the house and was descending the stairs of the porch when the bottom step fell off, causing her to fall and suffer serious injuries.

-1-

Plaintiff subsequently filed suit against defendant alleging that she was an invitee at the time of the accident and, as a result, defendant owed her various common-law duties, including the duty to keep the premises free from dangerous conditions, to inspect the premises for dangerous conditions, and to warn plaintiff of dangers about which defendant knew or should have known. Plaintiff also alleged that, because she was a tenant, the landlord owed her various statutory duties including the duty to maintain the premises in a safe manner. Finally, plaintiff alleged that defendant had actual or constructive notice of the dangerous condition on the property, i.e., the defective stair, and that defendant breached the above referenced duties by failing to correct the dangerous condition, failing to inspect the premises, and failing to warn plaintiff about the dangerous condition, which proximately caused her injuries.

After the close of discovery, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(10), arguing that it did not have actual or constructive notice of the defective condition prior to plaintiff's fall. Defendant alleged that it had properly maintained the property and attached various documents, including an itemization of repairs allegedly made, receipts from contractors hired to perform repairs, and documents pertaining to third-party inspections. In response to defendant's motion, plaintiff attached her deposition transcript, in which she testified that she provided notice of the dangerous condition to defendant prior to the accident and, as a result, the trial court was required to deny the motion.

The trial court granted defendant's motion, holding that plaintiff failed to carry her burden of proof on the issue of actual or constructive notice. In so holding, the court appears to have relied heavily on the documentary evidence submitted by defendant pertaining to the third-party inspections of the premises, including city inspections allegedly held in 2017, 2019, and 2021, and an inspection by defendant's insurer alleged to have occurred in 2022. While the court noted that plaintiff had told defendant about the rotting condition of her porch prior to the accident, the court found that such evidence pertained solely to notice of a defective condition on the side porch, not the front porch where the fall occurred.

## II. STANDARD OF REVIEW

This Court "reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion for summary disposition under MCR 2.116(C)(10), which tests the factual sufficiency of a plaintiff's claim, is properly granted when there is no genuine issue of material fact. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Johnson v Vanderkooi*, 502 Mich 751, 761; 918 NW2d 785 (2018) (quotation marks and citation omitted). In reviewing the grant or denial of summary disposition, this Court views the evidence in the light most favorable to the party opposing the motion. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

## III. ANALYSIS

Every negligence action, including those arising out of premises liability, require a plaintiff to prove four elements: duty, breach, causation, and harm (i.e., damages). *Kandil-Elsayed v F&E Oil, Inc*, 512 Mich 95, 110; 1 NW3d 95 (2023). See, also, *Cummins v Robinson Twp*, 283 Mich

App 677, 692; 770 NW2d 421 (2009). "Land possessors owe a duty to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by dangerous conditions on the land." *Kandil-Elsayed*, 512 Mich at 112 (quotation marks and citations omitted). A tenant is an invitee of the landlord. *Stanley v Town Square Co-op*, 203 Mich App 143, 147; 512 NW2d 51 (1993). A landlord breaches its duty of care when it knew or should have known of a dangerous condition on the premises, but failed to repair such a defect. *Raatikka v Jones*, 81 Mich App 428, 430-431; 265 NW2d 360 (1978).[1]

On appeal, plaintiff argues that a question of fact exists on the issue of constructive notice.[2] We agree.

## A. CONSTRUCTIVE NOTICE

On the issue of constructive notice, the Michigan Supreme Court has held, "[g]enerally, the question of whether the defect has existed a sufficient length of time under circumstances that the defendant is deemed to have notice is a question of fact, and not a question of law." *Banks v Exxon Mobil Corp*, 477 Mich 983, 984; 725 NW2d 455 (2007).

Six years before *Banks*, the Michigan Supreme Court issued its decision in *Clark v Kmart Corp*, 465 Mich 416; 634 NW2d 347 (2001), which has since been often cited on the issue of constructive notice. In *Clark*, the plaintiff slipped and fell as a result of smashed grapes on the floor of a check-out lane of a store. *Id*. at 418. There was no direct evidence of when or how the grapes came to be on the ground. *Id*. at 420. However, a store employee testified that the check-out lane would have been closed about an hour before plaintiff arrived. *Id*. Given that evidence, the Court found that a jury could reasonably infer that the loose grapes were, more likely than not, dropped when a customer brought grapes to the check-out lane to buy them while it was still open. *Id*. The jury could further infer that an employee of defendant should have noticed the grapes at some point before or during the closing of the lane and either cleaned them up, or asked another employee to do so. *Id*. Ultimately, the Court held, "the fact that the check-out lane had been closed for about an hour before plaintiff fell establishes a sufficient length of time that the jury could infer that defendant should have discovered and rectified the condition." *Id*.

In *Banks*, the trial court had granted summary disposition to the defendant owner of a gasoline station on the basis that it did not have constructive notice of a dangerous pump that sprayed gasoline in the face of the plaintiff. The Michigan Supreme Court noted that "[c]onstructive notice may arise not only from the passage of time itself, but also from the type of condition involved or from a combination of the two elements." *Banks*, 477 Mich at 983. Records indicated that someone had pumped over $20 worth of gasoline using the same pump around eight

---

[1] Opinions of this Court issued before November 1, 1990 are not binding, pursuant to MCR 7.215(J)(1), but may be considered persuasive authority. *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 383 (2012).

[2] In her brief on appeal, plaintiff does not argue that defendant had actual notice of the condition. As a result, we will not address the issue of actual notice. However, to be clear, this opinion does not suggest that defendant did not have actual notice of the dangerous condition.

minutes prior the accident. But approximately five minutes before the accident, another customer pumped one cent worth of gasoline using that pump, i.e., someone attempted to use the pump and stopped immediately. The Court held that a reasonable jury could conclude, based on the facts of the case, that defendant should have discovered the defect, i.e., the dangerous pump that would spray gasoline, meaning that the trial court's granting of summary disposition to the defendant was improper. *Id*. at 984.

Viewing the evidence in the light most favorable to plaintiff (the nonmoving party), a question of fact exists as to whether defendant had constructive notice of the dangerous condition of the front porch, prior to plaintiff's fall. According to plaintiff's deposition testimony, approximately two years before the subject incident, plaintiff told her landlord that the wood on the front porch needed to be treated or replaced because it was drying out.[3] In her deposition, she was asked again whether she had reported a problem with the step or the porch in general, and she again referenced the same conversation in which she told the landlord that he needed to "treat it, rebuild it or whatever you want to do, it need[ed] to be reinforced and it needs to be painted." Based on the testimony of plaintiff, and a record attached by defendant, it is clear that defendant did not treat the wood, replace it, or reinforce it. Instead defendant's contractors merely power washed the porch and applied paint approximately a year after plaintiff made her request.[4] The testimony by plaintiff, that the wooden step gave out when she stepped upon it was corroborated by the deposition testimony of plaintiff's daughter, who said the defect consisted of a slab of wood that fell off the porch, which must have been loose.

The above evidence creates a question of fact on the issue of constructive notice because a reasonable juror could determine that the dangerous condition of the step, which had dried out so badly that it became unsecured from the porch, had existed for a sufficient length of time that defendant should have discovered and rectified the condition. See *Clark*, 465 Mich at 420. Whereas the defective condition in *Clark* had existed for at least an hour, the evidence suggests that the defective condition in the present case had existed for years prior to the accident.[5] In addition, pursuant to *Banks*, considering a combination of the passage of time, which was over two years, and the type of condition involved, which was a rotted stair slab that could fall off the porch

---

[3] By "treated," it appears that plaintiff was referring to application of wood preservative products that control wood degradation problems. See https://www.epa.gov/ingredients-used-pesticide-products/overview-wood-preservative-chemicals (accessed on April 24, 2025).

[4] According to a record submitted by defendant, the front porch was power washed and painted by "Student Painters" on 3/27/2021.

[5] Based on plaintiff's testimony, that defendant did not paint the porch until a year after she asked for it to be repaired, and the record submitted by defendant indicating that the porch was painted in March of 2021, the evidence suggests that the dangerous condition that caused plaintiff's fall had existed for as long as two years and 10 months prior to plaintiff's fall.

when stepped upon, a question of fact exists as to whether defendant should have known about the dangerous condition.[6]

We also note that the trial court's reliance upon the evidence pertaining to the side porch was misplaced. First, in focusing on the evidence pertaining to the side porch, the court ignored the evidence pertaining to the front porch, where the fall occurred. Second, if anything, the evidence regarding the condition of the side porch bolsters plaintiff's claims in this matter. Although the defective condition that caused plaintiff's fall was located on the front porch, plaintiff's argument in this matter is that the landlord knew for years that the exterior condition of all of the porches were deteriorating, but did very little to address the issue. Plaintiff testified that, prior to the fall, she had asked the landlord to maintain the wood on all of the entrances, suggesting that the same rot was occurring on all of them. Based on plaintiff's deposition testimony, the side porch had been rotting for an extended period of time, to the extent that a number of family members and visitors had mentioned that it was weak, which is further evidence suggesting that defendant should have known that the exterior walking surfaces of the house subjected its invitees to an unreasonable risk of harm. *Clark*, 465 Mich at 420.

The trial court also erred when it disregarded the testimony of plaintiff and instead relied upon documents pertaining to three biannual inspections performed by the City of Warren and a survey report from defendant's insurer.[7] While it is true that plaintiff's complaint alleged that defendant failed to inspect the premises for dangerous conditions, defendant's motion for summary disposition did not request summary disposition on the issue of whether defendant complied with its duty to inspect the premises; rather, it requested summary disposition on the issue of whether defendant had notice of the defective condition. In her response to defendant's motion for summary disposition, plaintiff did not argue that defendant's alleged failure to inspect the premises negated the issue of notice; rather, plaintiff argued that she provided notice of the dangerous condition to defendant. While the written results of a third-party inspection would have been highly relevant to the notice issue if those documents notified defendant of a defective condition that subsequently caused plaintiff's injuries, the fact that those documents did not mention the defective condition cannot nullify plaintiff's testimony, i.e., that she personally informed the landlord of the dangerous condition. Additionally, while defendant provided no foundation for those documents or what those inspections actually entailed, e.g., no affidavits or deposition

---

[6] Obviously, a rotted step does not create the same extreme risk of harm recognized by the Court in *Banks*, which was a gasoline pump that could instantly spray a user in the face with a flammable petrochemical, meaning that *Banks* would not support a finding of constructive notice here if the passage of time was similar to *Banks*, i.e., a matter of minutes. But, according to the Center for Disease Studies, falls are the leading cause of injury for adults ages 65 years or older. https://www.cdc.gov/falls/data-research/index.html (accessed on April 24, 2025). Considering the danger caused by a collapsible step that could cause a fall, combined with the passage of more than two years from the date the wood dried out and the time of the accident, *Banks* supports the finding that there is a question of fact in the present case on the issue of constructive notice.

[7] As noted above, the documents pertaining to the City of Warren state that the biannual inspections occurred on 07/14/2017, 07/08/2019, and 08/18/2021, and the survey report from defendant's insurer was dated 8/16/2022.

transcripts, plaintiff's deposition testimony suggests that the city's inspection consisted merely of someone walking around and looking at the property, not actually closely inspecting the integrity of the property as defendant argues. Once again, considered in the light most favorable to plaintiff, the evidence demonstrates that plaintiff told defendant that the front porch needed to be treated, repaired or replaced, thereby providing notice of a dangerous condition, which evidence was not negated by the documents submitted by defendant.

## B. STATUTORY CLAIM

On appeal, plaintiff also relies upon this Court's decision in *Gabrielson v Woods Condo Ass'n, Inc*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket Nos. 364809 and 364813); slip op at 15, where we noted that, in addition to the common-law duties that a premises possessor owes to invitees, MCL 554.139 imposes further covenants and duties on landlords who lease their property to residential tenants. "MCL 554.139 states in relevant part: (1) In every lease or license of residential premises, the lessor or licensor covenants: (a) That the premises and all common areas are fit for the use intended by the parties." *Id*.

We again note that "there is no published caselaw holding that a lessor must have notice of unfit conditions to be liable under MCL 554.139(1)(a), and the statute itself does not contain a notice requirement." *Thiel v Pines at Cloverlane*, unpublished per curiam opinion of the Court of Appeals, issued June 27, 2024 (Docket No. 366096), p 5.[8] However, because the trial court did not address that issue, we will likewise not address it.

## IV. CONCLUSION

Because questions of fact exist as to whether defendant had constructive notice of the allegedly dangerous condition that caused plaintiff's injuries, we reverse the order of the circuit court granting defendant's motion for summary disposition and remand this case for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Randy J. Wallace
/s/ Michelle M. Rick
/s/ Kristina Robinson Garrett

---

[8] "Although MCR 7.215(C)(1) provides that unpublished opinions are not binding under the rule of stare decisis, a court may nonetheless consider such opinions for their instructive or persuasive value." *Kennard v Liberty Mut Ins Co*, 341 Mich App 47, 53 n 2; 988 NW2d 797 (2022) (quotation marks and citation omitted).