*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARCUS HARGRAVE,

      Plaintiff-Appellant,

v

OAK PARK PARTNERS, LLC, doing business as
THE OAKS ON LINCOLN APARTMENTS,

      Defendant/Third-Party Plaintiff-
      Appellee,

and

JOHN WILLET,

      Third-Party Defendant.

UNPUBLISHED
May 19, 2025
9:02 AM

No. 366643
Oakland Circuit Court
LC No. 2022-192927-NO

Before: GADOLA, C.J., and MURRAY and REDFORD, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court order dismissing the claims of defendant/third-party plaintiff, Oak Park Partners LLC, doing business as The Oaks on Lincoln Apartments, against third-party defendant John Willet, who was previously defaulted. Plaintiff's appeal actually relates to the previous trial court opinion and order granting defendant summary disposition of plaintiff's claims of premises liability and breach of statutory duty. For the reasons that follow, we affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises from plaintiff falling on ice on defendant's premises on January 30, 2021. Plaintiff was a resident at defendant The Oaks on Lincoln Apartments, and had lived there since 2018 with his fiancée, Alexis Collins, and their three children. On January 30, 2021, plaintiff and his family left their apartment around 8:00 p.m. to attend a birthday party. It was cold but it was not snowing, and plaintiff did not notice any ice in the parking lot. When they returned around

-1-

11:30 p.m., plaintiff parked on the side of the building because cars in the general parking area were parked too close for plaintiff and his family to exit their vehicle without hitting other cars. Plaintiff exited the driver's seat, and unbuckled his daughter from her car seat in the rear driver's-side seat. When he started to walk around the back of the car to get his other children from the passenger side, he slipped and fell on his back. He did not see ice before he fell; he only saw ice after he got up. He did not know how big the ice patch was, how long it had been there, or when it had formed.

Defendant initially filed a one-count complaint alleging negligence against defendant. Defendant denied liability, and filed a third-party complaint against Willet, who had entered into a contract with defendant to perform snow and ice removal services on the premises. Willet was ultimately defaulted. Defendant then moved for summary disposition under MCR 2.116(C)(8) and (10), arguing that plaintiff's negligence claim failed because it actually sounded in premises liability, and there was no notice to defendant of the dangerous condition. In response, plaintiff moved to amend his complaint, which the trial court granted, and plaintiff filed an amended complaint alleging one count of premises liability and one count of breach of statutory duty under MCL 554.139.[1] Defendant then filed a supplemental brief in support of summary disposition of plaintiff's new claims based on lack of notice and plaintiff's failure to establish breach of statutory duty.

The trial court dispensed with oral argument, and entered an opinion and order granting defendant summary disposition of both claims. The court determined that defendant was entitled to summary disposition of plaintiff's premises-liability claim under MCR 2.116(C)(10) because plaintiff presented no evidence that defendant had actual notice of the ice, or constructive notice. The court held that any claim under MCL 554.139(1)(b) failed as a matter of law because this subsection only applies to "the premises," not "common areas" such as parking lots, and the accumulation of snow and ice is not a defect. Thus, defendant was entitled to summary disposition under MCR 2.116(C)(8) of plaintiff's statutory-duty claim asserted under subsection (1)(b). Lastly, the court determined that defendant was entitled to summary disposition under MCR 2.116(C)(10) of plaintiff's statutory-breach claim asserted under MCL 554.139(1)(a) because there was no evidence that defendant had notice of the existence of the hazard, and the parking lot was fit for its intended use—parking and providing tenants with reasonable access to their vehicles.

---

[1] MCL 554.139(1) provides, in relevant part:

(1) In every lease or license of residential premises, the lessor or licensor covenants:

(a) That the premises and all common areas are fit for the use intended by the parties.

(b) To keep the premises in reasonable repair during the term of the lease or license, . . . .

## II. NOTICE

The trial court did not err by granting defendant summary disposition under MCR 2.116(C)(10) of plaintiff's premises-liability and statutory-duty claims because plaintiff failed to establish a genuine issue of material fact that defendant had actual or constructive notice of the dangerous condition.

Although defendant moved for summary disposition under MCR 2.116(C)(8) and (10), the court specifically granted defendant's motion under MCR 2.116(C)(10) as to plaintiff's premises-liability claim and plaintiff's statutory-duty claim asserted under MCL 554.139(1)(a) for lack of notice. This Court reviews a trial court's decision to grant or deny summary disposition de novo. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020). "A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) when the affidavits or other documentary evidence, viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Id.* (quotation marks and citation omitted). "The moving party must first specifically identify the issues as to which it believes there is no genuine issue as to any material fact, and has the initial burden of supporting its position with affidavits, depositions, admissions, or other admissible documentary evidence." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475; 776 NW2d 398 (2009) (quotation marks, citations, and brackets omitted). When this burden is met, the burden then shifts to the nonmoving party to establish a genuine issue of material fact for trial. *Id.* The nonmoving party may not rely on mere allegations or denials in the pleadings, but must set forth specific facts showing that a genuine issue of material fact exists. *Id.* "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id.* (quotation marks and citation omitted).[2]

Issues involving statutory interpretation are also reviewed de novo. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 424; 751 NW2d 8 (2008). The primary goal of statutory interpretation is to ascertain the legislative intent that may be reasonably inferred from the words of the statute, and if the words of a statute are clear, it is presumed that the Legislature intended the meaning expressed. *Id.* at 427.

A claim for premises liability requires that the plaintiff establish four elements: (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, (3) causation, and (4) that the plaintiff suffered damages. *Kandil-Elsayed v F&E Oil, Inc*, 512 Mich 95, 110; 1 NW3d

---

[2] We note that plaintiff has cited in part to *Rizzo v Kretschmer*, 389 Mich 363; 207 NW2d 316 (1973), and *Horton v Verhelle*, 231 Mich App 667; 588 NW2d 144 (1998), both of which no longer contain the proper standard to apply in deciding summary disposition motions under MCR 2.116(C)(10). See *Smith v Globe Life Ins Co*, 460 Mich 446, 455 n2; 597 NW2d 28 (1999), which reversed both decisions as not containing the proper standard for reviewing motions under MCR 2.116(C)(10). We recognized this point 21 years ago in *Grand Trunk W R, Inc v Auto Warehousing Co*, 262 Mich App 345, 349-350; 686 NW2d 756 (2004), yet still today we receive briefs that contain this outdated, overruled, and obviously inapplicable standard.

44 (2023). The duty a possessor of land owes to a person on the land depends on that individual's status as invitee, licensee, or trespasser. *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 626-627; 971 NW2d 716 (2021). As a tenant renting a residential apartment on defendant's property, plaintiff is classified as an invitee. *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006).

> An invitee is a person who enters the land of another by an invitation that carries with it an implied representation, assurance, or understanding that reasonable care has been used to prepare the premises and to make the premises safe for the invitee's presence. A plaintiff will be deemed an invitee only if the purpose for which he or she was invited onto the owner's property was directly tied to the owner's commercial business interests. The possessor of land owes the greatest duty to an invitee, being the duty to use reasonable care to protect the invitee from an unreasonable risk of harm posed by a dangerous condition on the premises. The possessor of the premises breaches that duty of care when he or she knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix, guard against, or warn the invitee of the defect. [*Jeffrey-Moise*, 336 Mich App at 627 (quotation marks and citations omitted).]

The plaintiff in a premises-liability action has the burden to demonstrate that the premises possessor had actual or constructive notice of the dangerous condition. *Id*. If there is no question of fact that a defendant lacks notice, summary disposition is proper. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 8; 890 NW2d 344 (2016). Actual notice exists when the defendant created the hazardous condition or knew of the hazardous condition. See *Hampton v Waste Mgt of Mich, Inc*, 236 Mich App 598, 604; 601 NW2d 172 (1999). A premises possessor is presumed to have actual notice when there is evidence the possessor saw the hazard, or evidence that someone discovered it and alerted the possessor of its existence. See *Clark v Kmart Corp*, 465 Mich 416, 419; 634 NW2d 347 (2001). "Constructive notice is present when the hazard was of such a character, or had existed for a sufficient time, that a reasonable premises possessor would have discovered it." *Albitus v Greektown Casino, LLC*, 339 Mich App 557, 563; 984 NW2d 511 (2021) (quotation marks and citation omitted). "Generally, the question of whether a defect has existed a sufficient length of time and under circumstances that the defendant is deemed to have notice is a question of fact, and not a question of law." *Banks v Exxon Mobil Corp*, 477 Mich 983, 984; 725 NW2d 455 (2007).

MCL 554.139(1)(a) provides that in every residential lease, the lessor covenants "[t]hat the premises and all common areas are fit for the use intended by the parties." In its opinion and order granting summary disposition, the trial court relied in part on the dissent in *Allison* where the Court stated:

> If a plaintiff is able to show that a common area is not fit for its intended use, the reasonableness of the landlord's actions to remedy the unfit condition should also be assessed. "[A] contract to keep the premises in safe condition subjects the lessor to liability only if he does not exercise reasonable care *after he has had notice of the need of repairs*. In any case his obligation is only one of reasonable care." 2 Restatement Torts, 2d, § 357, comment *d*, pp 242-243. [*Allison*, 481 Mich at 447-448 (emphasis added).]

Neither party argues on appeal that there is no notice requirement for liability under MCL 554.139, and it appears both parties assumed that notice was required. As a result, we will analyze notice as it relates to both premises liability and the statutory claim.

In *Derbabian v S&C Snowplowing, Inc*, 249 Mich App 695, 698; 644 NW2d 779 (2002), the plaintiff fell on ice in a shopping center parking lot. Discovery revealed that there was no precipitation at the time of her fall, but it had rained a few days before, and the parking lot had been plowed about a week earlier following a big snowfall and salted thereafter. *Id*. "Discovery also established that no one—including [the] plaintiff—had observed the ice patch before the fall, and that the ice covered an area approximately the size of two parking spaces." *Id*. at 699. This Court held that the plaintiff failed to establish that the defendant had actual or constructive notice of the icy condition of the parking lot because "it had not snowed for several days, had only rained a few hours before reverting to freezing temperature, the ice patch was only the size of two parking spaces, and no other person, including plaintiff, had observed the ice before the fall." *Id*. at 706-707.

Moreover, weather data is insufficient to establish actual or constructive knowledge of a dangerous condition. In *Altairi v Alhaj*, 235 Mich App 626, 628; 599 NW2d 537 (1999), the plaintiff slipped and fell on snow-covered steps which had ice under the snow. To assert that the defendant should have known of the ice, the plaintiff relied on an affidavit of a meteorologist, indicating that weather conditions before the plaintiff's fall included snow that melted and froze again. *Id*. at 640. "However, the meteorologist's affidavit says nothing about [the] defendant's knowledge of the ice under the snow on his steps." *Id*. And this Court affirmed summary disposition in the defendant landowner's favor. *Id*. at 627.

As to actual notice, plaintiff testified that he did not see ice in the parking lot before he fell; neither did Collins. They had no issues getting to their car to leave for the birthday party. It was not until after plaintiff fell that he saw any ice. Plaintiff never complained to defendant about ice in the parking lot before plaintiff's fall occurred, or knew of other tenants complaining to defendant about it. When asked at his deposition, "do you have any knowledge or information that the apartment complex knew of the ice on the ground?", defendant answered, "[n]o." The only photographs taken of the area where plaintiff fell were taken days after his fall. Plaintiff relies on the presence of defendant's on-site personnel in the leasing office to establish actual notice. However, there is no evidence that the leasing manager was on site outside of business hours at the time of plaintiff's fall at 11:30 p.m. on a weekend. Collins testified that she spoke to the leasing manager two days later, when someone was back in the office on a Monday. Even assuming an employee of defendant was present does not, by itself, indicate that the individual would have known of the ice in the parking lot before plaintiff's fall. See *Lowrey*, 500 Mich at 11.

Likewise, plaintiff failed to create a genuine issue of material fact regarding constructive notice, "i.e., that the hazard was of such a character, or had existed for a sufficient time, that a reasonable premises possessor would have discovered it." *Id*. at 11-12. Plaintiff and his family traversed the parking lot without incident to get to their car at 8:00 p.m. to leave for the birthday party, supporting the conclusion that ice was not present in the parking lot where plaintiff's car had been parked when he left. Granted, plaintiff parked in a different area in the parking lot when he returned, but failed to present sufficient evidence for when the ice in that area of the parking lot arose, or that it was of such a character that defendant should have had notice of it. Plaintiff did

not notice the ice before he fell, and he testified that he did not know how long the ice had been there or when it formed. And again, plaintiff's reliance on weather reports to assert that the ice must have been present since the last snow fall three days earlier is far too speculative to establish when the ice actually formed. See *Altairi*, 235 Mich App at 640. "[A] party opposing a motion for summary disposition must present more than conjecture and speculation to meet its burden of providing evidentiary proof establishing a genuine issue of material fact." *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 723; 909 NW2d 890 (2017) (quotation marks and citation omitted).

Thus, the trial court properly granted defendant summary disposition under MCR 2.116(C)(10) as to plaintiff's claims for premises liability and breach of statutory duty under MCL 554.139(1)(a) because plaintiff failed to present evidence that established a genuine issue of material fact whether defendant had actual or constructive notice of the ice in the parking lot that caused plaintiff's fall.

### III. BREACH OF STATUTORY DUTY

#### A. MCL 554.139(1)(a)

The trial court did not err in granting defendant summary disposition of plaintiff's statutory-duty claim based on its finding that the parking lot was fit for its intended use.[3]

In addition to the common-law duties a possessor of land owes to invitees mentioned earlier, MCL 554.139 imposes further covenants and duties on landlords who lease their residential property to tenants. MCL 554.139(1)(a) provides:

> (1) In every lease or license of residential premises, the lessor or licensor covenants:

> (a) That the premises and all common areas are fit for the use intended by the parties.

This statutory protection " 'arises from the existence of a residential lease and consequently becomes a statutorily mandated term of such lease.' " *Jeffrey-Moise*, 336 Mich App at 636, quoting *Allison*, 481 Mich at 425. The statute provides "a specific protection to lessees and licensees of residential property *in addition* to any protection provided by the common law." *Jeffrey-Moise*, 336 Mich App at 636 (quotation marks and citation omitted).

MCL 554.139(1)(a) does not require lessors to maintain common areas in "an ideal condition or even in the most accessible condition possible." *Id*. at 637, citing *Allison*, 481 Mich

---

[3] The trial court also specifically granted defendant summary disposition of plaintiff's statutory-duty claim related to MCL 554.139(1)(a) under MCR 2.116(C)(10). As such, the standards of review for motions for summary disposition granted under MCR 2.116(C)(10) and for matters of statutory interpretation provided earlier apply to this issue.

at 430. Rather, the lessor must maintain the common areas in a condition rendering them fit for their intended use. *Jeffrey-Moise*, 336 Mich App at 637.

> [T]he intended use of a parking lot includes the parking of vehicles. A parking lot is constructed for the primary purpose of storing vehicles on the lot. "Fit" is defined as "adapted or suited; appropriate[.]" *Random House Webster's College Dictionary* (1997). Therefore, a lessor has a duty to keep a parking lot adapted or suited for the parking of vehicles. A parking lot is generally considered suitable for the parking of vehicles as long as the tenants are able to park their vehicles in the lot and have reasonable access to their vehicles. A lessor's obligation under MCL 554.139(1)(a) with regard to the accumulation of snow and ice concomitantly would commonly be to ensure that the entrance to, and the exit from, the lot is clear, that vehicles can access parking spaces, and that tenants have reasonable access to their parked vehicles. Fulfilling this obligation would allow the lot to be used as the parties intended it to be used. [*Allison*, 481 Mich at 429.]

In *Jeffrey-Moise*, 336 Mich App at 621, the plaintiff slipped and fell on ice on the community walkway of her condominium cooperative. The plaintiff testified that she fell on black ice, she did not notice any ice before she fell, and that after she fell, she noticed patches of ice down the walkway. *Id*. This Court held that the plaintiff failed to establish that a genuine issue of material fact existed regarding whether the sidewalk was fit for its intended use. *Id*. at 637. This was because the plaintiff testified that the walkway was clear of snow, the lighting was good, and that after she fell, the plaintiff noticed patches of ice, as did a neighbor. *Id*. Because the plaintiff only demonstrated that there were patches of ice on the sidewalk, "which at most indicated inconvenience of access or that the sidewalk was not in peak condition," the sidewalk was not rendered unfit for its intended purpose. *Id*. at 637-638.

Additionally, in *Bowman v Walker*, 340 Mich App 420, 424, 431; 986 NW2d 419 (2022), the plaintiff slipped and fell on ice covered with snow just outside her apartment door in a patio area. This Court held that the principles established in *Allison* applied to walkways, and that "although a sidewalk completely covered in ice is unfit for its intended purpose, a sidewalk covered only in patches of ice does not render the sidewalk unfit for its intended purpose" under MCL 554.139(1)(a). *Bowman*, 340 Mich App at 433. In *Bowman*, the plaintiffs only presented evidence that snow and ice were present and that Bowman fell. *Id*. Viewing the evidence in the light most favorable to the plaintiffs, the plaintiffs merely established that the sidewalk had some ice and snow, "which at most indicated that there was inconvenience of access or that the patio was not in peak condition." *Id*. This Court concluded, however, that the plaintiffs failed to establish a genuine issue of material fact whether the patio was fit for its intended purpose, and therefore, affirmed summary disposition in favor of the defendants relating to MCL 554.139(1)(a). *Id*. at 433-434.

Here, the trial court did not err in its determination that there was no genuine issue of material fact that defendant did not breach its statutory duty to maintain the parking lot to be fit for its intended use under MCL 554.139(1)(a). As noted above, the statute does not require perfect maintenance of the parking lot. *Jeffrey-Moise*, 336 Mich App at 637. Viewing the evidence in the light most favorable to plaintiff, the parking lot was fit for its intended purpose—parking. Plaintiff's allegation of unfitness was based on the fact that he fell, and then discovered ice where

he fell. There could be no reasonable difference in opinion that tenants could still enter and exit the parking lot, park their vehicles, and have reasonable access to their vehicles. *Allison*, 481 Mich at 430. Moreover, any duty a lessor may have under MCL 554.139(1)(a) regarding the accumulation of snow and ice in a parking lot "would be triggered only under more exigent circumstances" than those in this case. *Id*. It was not snowing when plaintiff fell. And mere inconvenience of access to his vehicle, or from his vehicle to his home, "will not defeat the characterization of a lot as being fit for its intended purposes." *Id*. Although tenants must walk across parking lots to access their vehicles, or walk from their vehicles to their residences, the condition of the parking lot did not preclude plaintiff from walking to his apartment unit. *Id*. Collins walked from the vehicle to their apartment to take the children inside and returned to plaintiff, without incident, although she indicated it was slippery. Nonetheless, plaintiff has failed to show a genuine issue of material fact that the parking lot was not fit for its intended use, and therefore, summary disposition in favor of defendant under MCR 2.116(C)(10) was proper, as defendant did not breach its statutory duty under MCL 554.139(1)(a).

### B. MCL 554.139(1)(b)

In a fairly cursory manner, plaintiff asserts on appeal that that he sufficiently pleaded in his amended complaint a claim for breach of statutory duty under MCL 554.139(1)(b), and as such, summary disposition under MCR 2.116(C)(8) was improper. Although plaintiff's argument is scattered and confusing, rather than deem the issue abandoned, we will briefly address the merits. See *Seifeddine v Jaber*, 327 Mich App 514, 520; 934 NW2d 64 (2019).

A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the factual allegations of the complaint. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). The trial court must accept all the factual allegations as true, and must decide the motion based on the pleadings alone. *Id*. at 160. Summary disposition may only be granted under MCR 2.116(C)(8) when "a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*.

MCL 554.139(1)(b) provides that in every lease of a residential premises, the lessor covenants "[t]o keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenants wilful or irresponsible conduct or lack of conduct." This statutory protection arises from the existence of a residential lease, and as such, becomes a statutorily mandated term of the lease. *Allison*, 481 Mich at 425. A breach of the duty to maintain the premises is construed as a breach of the lease. *Id*. at 425-426.

Plaintiff asserts that summary disposition under MCR 2.116(C)(8) was improper where he alleged that defendant was in possession of the premises, MCL 554.139 imposed a statutory duty on defendant, in part, to keep the premises in reasonable repair, and that defendant breached this duty by its "inaction in the face of inclement weather[-]created conditions." However, the trial court correctly held that plaintiff's claim failed as a matter of law because the lessor's duty under MCL 554.139(1)(b) only applies to "the premises," not "common areas," such as parking lots, and the accumulation of ice and snow is not a defect. In *Allison*, 481 Mich at 428, the Court clarified that parking lots within a leased residential property that are shared by the tenants constitute

"common areas" under MCL 554.139(1)(a), and the lessor's duty in MCL 554.139(1)(b) only applies to "the premises," *id*. at 432. Moreover, the Supreme Court concluded that "[t]he accumulation of snow and ice does not constitute a defect in property, and, therefore, the lessor would have no duty under MCL 554.139(1)(b) with regard to snow and ice, except to the extent that such snow and ice caused damage to the property." *Id*. at 434. Therefore, plaintiff's claim for breach of statutory duty under MCL 554.139(1)(b), specifically, failed as a matter of law, and summary disposition in favor of defendant was proper under MCR 2.116(C)(8).

Affirmed.

/s/ Michael F. Gadola
/s/ Christopher M. Murray
/s/ James Robert Redford