*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT CREEM,

        Plaintiff-Appellant,

v

SINGH SENIOR LIVING, LLC,
and WALTONWOOD AT TWELVE OAKS I, LLC,

        Defendants-Appellees,

and

SINGH MANAGEMENT CO., LLC,
WALTONWOOD AT TWELVE OAKS II, LLC,
WALTONWOOD AT TWELVE OAKS I
HOLDINGS, LLC,
and XPERT LAWN & SNOW, INC.,

        Defendants.

UNPUBLISHED
October 27, 2025
9:21 AM

No. 372823
Oakland Circuit Court
LC No. 2023-202317-NO

Before: CAMERON, P.J., and MURRAY and KOROBKIN, JJ.

MURRAY, J. (*concurring*).

I concur with the lead opinion that a genuine issue of material fact exists on whether defendants had constructive notice of the black ice upon which plaintiff allegedly fell. I write separately to briefly explain why *Altairi v Alhaj*, 235 Mich App 626; 599 NW2d 537 (1999), does not help defendants' cause on appeal.

Although not cited in their brief, at oral argument before this Court defendants raised *Altairi* for the proposition that use of a meteorologist report about weather conditions in the few days prior to the incident does not provide a sufficient factual basis to establish a question of fact on constructive notice. As I read it, the *Altairi* Court held that the recitation of general weather conditions in a meteorologist report did not provide evidence as to the condition itself, or what defendant *actually* knew as to the condition. See *Altairi*, 235 Mich App at 640 ("[T]he meteorologist's affidavit says nothing about defendant's knowledge of the ice under the snow on

-1-

his steps."). Although the *Altairi* Court did not discuss or recognize the law regarding constructive notice, when it addressed whether defendant knew or should have known about the condition, it seems to have done so partially in the context of what that evidence showed *plaintiff* knew. See *id*. ("Insofar as plaintiff seeks to use general knowledge of local weather conditions to show that defendant should have known that ice lay under the snow on his steps, the same knowledge can be imputed to plaintiff."). But after that brief passage, the Court re-focused on what defendant *actually* knew. *Id*. ("Plaintiff has offered no evidence that defendant actually saw the ice on the steps, that defendant or a member of his family slipped on it before plaintiff's accident, or that defendant even used the front door to his house in the days immediately preceding the accident").

What a land possessor was actually aware of is not relevant to whether constructive notice exists, for if the possessor has actual knowledge, there is no need to determine the issue of constructive notice. Actual notice, all agree, is not at issue here. Instead, in resolving this appeal, the constructive knowledge principles contained in *Clark v Kmart Corp*, 465 Mich 416; 634 NW2d 347 (2001), and *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1; 890 NW2d 344 (2016), control.

Here, although plaintiff testified about the lack of snow and precipitation on the parking lot and grass surrounding it, and his not seeing the ice until after he fell, he also testified that upon falling he saw the black ice which led to a mound of snow on the edge of the parking lot. Because "[c]onstructive notice may arise not only from the passage of time itself, but also from the type of condition involved, or from a combination of the two elements," *Banks v Exxon Mobil Corp*, 477 Mich 983, 983-984; 725 NW2d 455 (2007), citing *Kroll v Katz*, 374 Mich 364, 372; 132 NW2d 27 (1965), and because plaintiff's testimony about the ice and snow pile and the meteorologist report about the snowy conditions and fluctuating temperatures in Novi leading up to the incident distinguish this case from *Derbabian v S & C Snowplowing, Inc*, 249 Mich App 695, 706; 644 NW2d 779 (2002) ("Because it had not snowed for several days, had only rained a few hours before reverting to freezing temperature, the ice patch was only the size of two parking spaces, and no other person, including plaintiff, had observed the ice before the fall, plaintiff failed to establish that defendant knew or should have known of the icy condition of the parking lot."), [1] I concur in reversing the trial court's order.

/s/ Christopher M. Murray

---

[1] In the absence of the meteorological evidence, this case would be on all fours with *Derbabian*, and would require affirmance.